IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00148-RJC-DSC

| | |
|---|---|
| **ROSLYN PEREZ-WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LOUIS DEJOY et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on "Federal Defendant's Motion[s] to Dismiss …" (documents ## 11 and 12) filed July 19, 2021, and pro se Plaintiff's "Amended Complaint [docketed as "Response to Motion to Dismiss]" (document #14) filed August 31, 2021.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

An extension of time to respond to a motion to dismiss extends the time to amend as a matter of course. See Superior Performers Inc. v. Phelps, 2015 WL 13650060, *1 (M.D.N.C. May 15, 2015) quoting Hurd v. NDL, Inc., 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) ("[Plaintiff] filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule

12(b)(6). However, because [she] requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course"); Jackson v. Merscorp Inc., 2013 WL 12190523, *1 (M.D.N.C May 20, 2013) (same).

Plaintiff filed her Amended Complaint (document #14) on August 31, 2021 within the extended time frame for responding to Defendant's Motion.[1] See Text-Only Order entered July 30, 2021. Accordingly, the amendment is as a matter of course.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED** that:

1. "Federal Defendant's Motion[s] to Dismiss …" (documents ## 11 and 12) are administratively **DENIED** as moot without prejudice.

2. The Clerk is directed to re-docket Document #14 as Plaintiff's Amended Complaint.

3. The Clerk is further directed to send copies of this Order to pro se Plaintiff, counsel for Defendant, and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.   Signed: September 10, 2021

_____
David S. Cayer
United States Magistrate Judge

---

[1] Although the Clerk of Court docketed the filing as a "Response" to the Motion to Dismiss, it is not labelled as such. Upon review, it is clear that the document is Plaintiff's Amended Complaint.