# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00148-RJC-DSC

| | |
|---|---|
| **ROSLYN PEREZ-WRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **LOUIS DEJOY, POSTMASTER GENERAL,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the "Federal Defendant's Motion to Dismiss Amended Complaint …" (document #21) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e <u>et. seq.</u> Accepting the factual allegations of the Amended Complaint as true, Plaintiff was employed as a Rural Carrier at the Post Office in Kannapolis, North Carolina. At times, Plaintiff was temporarily detailed to a higher level position

as a Supervisor, Customer Services at the Post Office. Cherald Birch-Davis, a female, was the Postmaster there. Plaintiff alleges that Birch-Davis harassed her based upon her gender and then retaliated against her for initiating EEO proceedings.

On July 23, 2019, Plaintiff commenced informal EEO counseling. In her first pre-complaint, Plaintiff alleged that Birch-Davis engaged in "harassment – non-sexual" when she falsified her time sheet, required her to run personal errands on the clock, forced her to disclose what she discussed during her Employment Assistance Program visits, made her work off the clock, and openly talked to other employees while making jokes about her mental health. In her second pre-complaint on August 23, 2019, Plaintiff alleged that Birch-Davis retaliated against her by threatening to call the police and the Office of the Inspector General when she went to the Post Office to submit PS Forms 3971 – Request for or Notification of Absence.

On October 21, 2019, an EEO counselor notified Plaintiff by letter that she had concluded processing her pre-complaints and there was no resolution. The letter stated that Plaintiff could take no action in which case her "inquiry w[ould] expire," or file a formal complaint.

On October 31, 2019, Plaintiff filed a formal complaint using PS Form 2565 - EEO Complaint of Discrimination in the Postal Service. She alleged discrimination and harassment and stated "8/23 -retaliation June thru today."

By letter dated November 22, 2019, Defendant acknowledged receipt of Plaintiff's formal complaint of discrimination, provided her a copy of the PS Form 2570 – EEO Dispute Resolution Specialist's Inquiry Report, and notified her of its partial acceptance/partial dismissal of her discrimination complaint. Defendant identified the issues it accepted for investigation and advised Plaintiff that if she disagreed with the accepted issues, she must provide a written response within seven days of receipt of the letter. Defendant further advised Plaintiff that she would be required

to identify specific dates of incidents for the first four accepted issues. Defendant also notified Plaintiff that any alleged acts occurring more than forty-five calendar days prior to July 23, 2019, would not be accepted as individual claims.

Defendant accepted six issues for investigation alleging discrimination based upon sex (female) and retaliation (current EEO activity). Those included:

1. While Plaintiff served as an acting supervisor, the Postmaster required her to run personal errands and get her meals.

2. On dates to be specified, Plaintiff was mandated to work past her shift.

3. On dates to be specified, Plaintiff was forced to tell the Postmaster what she discussed during her EAP visits and the Postmaster made jokes about her mental health.

4. On dates to be specified, Plaintiff's annual and sick leave was taken on her days off and she was not paid for working on Saturdays.

5. On August 23, 2019, the Postmaster removed Plaintiff from the Post Office and told the supervisor to call the police.

6. From August 23, 2019 and ongoing, Plaintiff was not assigned light duty work as requested.

In the same letter, Defendant dismissed Plaintiff's seventh issue, that her earlier workers compensation claim was not approved. Defendant explained that the issue was dismissed as a collateral attack on the Department of Labor – Office of Workers' Compensation Program's proceedings. Plaintiff never filed a written response disagreeing with the accepted issues as stated or Defendant's reasons for dismissing the seventh issue.

EEO Investigator Fouad H. Nader conducted an investigation and filed a report which Plaintiff received on February 24, 2020. The next day, Plaintiff requested a hearing before the

Equal Employment Opportunity Commission. On March 3, 2020, the EEOC issued notice of its receipt of Plaintiff's hearing request.

On April 10, 2020, Administrative Law Judge Meeka Clay conducted the initial teleconference and subsequently issued an order setting deadlines. The close of discovery was August 15, 2020.

On September 8, 2020, Defendant filed a dispositive Motion for Decision Without a Hearing. Plaintiff did not initiate discovery nor file any response to Defendant's Motion.

On January 22, 2021, Administrative Law Judge Shantel Walker issued a decision without a hearing in Defendant's favor. On February 9, 2021, Defendant issued a Notice of Final Action adopting Judge Walker's decision and advising Plaintiff of her appeal rights.

On April 7, 2021, Plaintiff filed this action. After Defendant filed its initial Motion to Dismiss, she filed her Amended Complaint (document #17). Plaintiff complains of events beginning in December 2017.

Defendant has moved to dismiss arguing that Plaintiff failed to exhaust administrative remedies as to several claims and that her remaining allegations fail to state a claim upon which relief can be granted. Defendant also moves to dismiss for insufficient service of process.[1]

## II. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Pursuant to Rule 12(b)(1), an action may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers

---

[1] Although Defendant received actual notice, Plaintiff failed to properly serve the Summons and Complaint. Because there are other bases for dismissal, the Court declines to recommend dismissal for insufficient service. See Colon v. Pencek, No. 3:07-CV-473-RJC, 2008 WL 4093694, at *3–4 (W.D.N.C. Aug. 28, 2008) (dismissing pro se Complaint on other grounds).

Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11- CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010). The plaintiff bears the burden of proving that subject matter jurisdiction exists. Hawes v. United States, 409 F.3d 213, 216 (4th Cir. 2005). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." Evans v. B.F. Perkins, Co., 166 F.3d 642, 647 (4th Cir.1999) (internal quotation marks omitted).

Title VII provides the exclusive remedy for federal employees claiming workplace discrimination. Brown v. General Serv. Admin., 425 U.S. 820, 835 (1976). Moreover "[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." Mathis v. Henderson, 243 F.3d 446, 451 (8th Cir. 2001) (citation omitted).

In order to sue an employer for sex discrimination and/or retaliation pursuant to Title VII, the plaintiff must timely exhaust administrative remedies. Pugh v. McDonald, 266 F. Supp. 3d 864, 867 (M.D.N.C. 2017). Timely compliance is mandatory for federal employees. See, e.g., Brown, 425 U.S. at 832-33; 42 U.S.C.§ 2000e-16(c).

Moreover, "[i]n any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). "Only those discrimination claims

stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (quoting Evans, 80 F.3d at 963).

Applying these legal principles, Plaintiff's claims that allege incidents occurring before June 8, 2019 (forty-five days before she first sought EEO pre-complaint counseling) or after the initial teleconference was conducted on April 10, 2020 are barred for failure to exhaust administrative remedies. Accordingly, the undersigned respectfully recommends that any claims or portions of claims arising before June 8, 2019 or after April 10, 2020 be dismissed for lack of subject matter jurisdiction.

### B. Failure to State A Claim Upon Which Relief Can Be Granted

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

What remains are the few factual allegations that Plaintiff stated in her administrative complaint -identified by the parties as issues one through six - occurring between June 8, 2019 and April 10, 2020. To establish a gender discrimination claim, a plaintiff "must show that (1) she is a member of a protected class, (2) she suffered adverse employment action, (3) her performance met her employer's legitimate expectations at the time of the adverse employment action, and (4) the action occurred under circumstances permitting a reasonable inference of sex discrimination." Boney v. Trs. Of Cape Fear Cmty. Coll., 366 F.Supp.3d 756, 764 (E.D.N.C. Mar. 5, 2019). Although the treatment Plaintiff complains of was objectionable, she has pled only general conclusory allegations that Birch-Davis discriminated against her based upon her gender. She offers only conclusory statements that Birch-Davis treated her differently than any unidentified male comparators.

Likewise, Plaintiff's retaliation claim fails. She has pled no specific facts to show retaliation for her engaging in protected EEO activity. At most, she alleges that on one occasion Birch-Davis threatened to call the police and have her removed from the Post Office. There is no indication that the police were called, that she was removed, or that this incident otherwise amounted to actionable retaliation. Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006) (en banc) (to state a retaliation claim, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action exists.) For those reasons, the undersigned respectfully recommends that Plaintiff's remaining claims be dismissed for failure to state a claim.

## III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Federal Defendant's Motion to Dismiss Amended Complaint …" (document #21) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff, to defense counsel, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.** Signed: January 24, 2022

_____
David S. Cayer
United States Magistrate Judge