UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00148-RJC-DSC

| | |
|---|---|
| ROSLYN PEREZ-WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES POSTAL SERVICE, LOUIS ) <br> DEJOY, and CHERALD BIRCH DAVIS, ) <br> ) <br> Defendants. ) <br> ) | **Order** |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Amended Complaint, or in the alternative, for Summary Judgment (Doc. No. 21), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 30), and Plaintiff's response to the M&R (Doc. No. 31).

### I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

### II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

The Magistrate Judge's M&R recommended the Court grant Defendants' motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies and failure to state a claim. Plaintiff filed a response to the M&R stating that she is "disappointed," "will respect your decision even though I feel it is wrong," and indicated her intent to "share [her] experience with any and all media outlets." (Doc. No. 31). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which a specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). Although Plaintiff filed a response to the M&R, she does not set forth any specific objections to the M&R; rather, she generally expresses her disappointment in the dismissal of her case. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 30) is **ADOPTED**; and

2. Defendants' Motion to Dismiss Amended Complaint, or in the alternative, for Summary Judgment (Doc. No. 21) is **GRANTED**.

The Clerk of Court is directed to close this case.

Signed: March 30, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge